IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRYL WAYNE DANIEL, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-2048 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Petitioner Darryl Wayne Daniel, a state inmate proceeding *pro se*, filed this habeas corpus proceeding under 28 U.S.C. § 2254 challenging his parole denial. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for the reasons set forth below.

Petitioner claims that the parole denial violates his rights to equal protection and due process of the law. According to his petition, however, petitioner has not exhausted his state court remedies. Under 28 U.S.C. § 2254, a federal habeas petitioner must exhaust all available state remedies by presenting all of his habeas corpus claims fairly to the state's highest court before he may obtain federal habeas corpus relief. *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under Texas law, it appears that although the decision to grant or deny parole is within the sound discretion of the Texas Board of Pardons and Paroles, complaints regarding the denial of constitutional or statutory rights in consideration of parole may be raised by way of writ of

habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Geiken*, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000). Because petitioner informs the Court that "all four [habeas] grounds are being presented for the first time" (Docket Entry No. 1, p. 8), his claims are unexhausted and subject to dismissal.

Even assuming exhaustion, petitioner is not entitled to habeas relief. An inmate in the Texas prison system has no constitutionally protected right to be released on parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). As a Texas state inmate has no liberty interest in being released on parole, he cannot prevail on a habeas claim that his right to due process was violated as a result of the procedures used to determine whether or not he should be released on parole. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that Texas parole statutes do not confer a protected federal liberty interest enforceable by federal habeas); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Petitioner's habeas complaints regarding the procedures used by and the facts relied on by the Board in deciding not to release him on parole would not entitle him to habeas relief.

Nor is petitioner entitled to immediate release on parole simply because his accrued calendar time meets the statutory requirements for parole eligibility. Nothing in the Texas parole statutory scheme mandates that an eligible prisoner be released on parole. *See Johnson*, 110 F.3d at 305. The decision to release an eligible inmate to parole is a matter of the Board's sound discretion. *Geiken*, 28 S.W.3d at 556-57. To the extent petitioner is

raising an equal protection claim, he fails to allege or show that he is a member of a suspect class being denied parole or that he otherwise was denied a fundamental right. *See Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998).

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner has not exhausted the instant claims, his petition will be dismissed.

Accordingly, habeas relief is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 19th day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE